Antipov v. Barr

BIA
A205 824 200

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19ᵗʰ day of August, two thousand twenty.

PRESENT:
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

MIKHAIL DIMITRIEVICH ANTIPOV,
> *Petitioner,*

v.                                                          18-2634
                                                            NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Aygul Charles, New York, NY.

FOR RESPONDENT:            Ethan P. Davis, Acting Assistant
                           Attorney General; Anthony P.
                           Nicastro, Assistant Director;
                           Linda Y. Cheng, Trial Attorney,
                           Office of Immigration Litigation,

United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that this petition for review of a decision of the Board of Immigration Appeals ("BIA") is DENIED.

Petitioner Mikhail Dimitrievich Antipov, a native and citizen of Russia, seeks review of an August 9, 2018, decision of the BIA denying his motion to reopen his removal proceedings. *In re Mikhail Dimitrievich Antipov,* No. A205 824 200 (B.I.A. Aug. 9, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the BIA's denial of the motion to reopen for abuse of discretion and considered whether its conclusion regarding country conditions is supported by substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). Antipov moved to reopen his removal proceedings to reapply for asylum, asserting that he is a priest of the True Russian Orthodox Church and that conditions in Russia have worsened for him under Russia's July 2016 "Yarovaya Law," which criminalizes missionary activity in certain circumstances. It is undisputed that Antipov's motion was untimely because he filed it more than a year after the BIA's 2017 decision affirming his removal order. *See* 8

2

U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time limitation for filing a motion to reopen does not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions in the country of nationality . . . , if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Even if a movant has shown changed conditions, the agency may deny the motion if the new evidence does not demonstrate the applicant's prima facie eligibility for asylum. *See INS v. Abudu*, 485 U.S. 94, 104–05 (1988); *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005) (concluding that the prima facie standard requires an applicant to show a "'realistic chance' that he will be able to establish eligibility" for relief). Substantial evidence supports the BIA's determination that Antipov's new evidence did not demonstrate his prima facie eligibility for relief.

The exhibits that Antipov submitted with his motion support the BIA's conclusion that Antipov's religious activities of proselytizing and performing religious rites would likely result in, at most, a fine. Antipov argues that

3

the BIA overlooked sections of his exhibits stating that belonging to an "extremist" religious association or distributing extremist materials could result in imprisonment. That argument is unavailing because he does not allege that his church has been designated as extremist or that he intends to distribute extremist materials. He also asserts that the BIA should have given more weight to the recommendation of the U.S. Commission on International Religious Freedom ("USCIRF") to designate Russia as a country of particular concern for its violations of religious freedom; however, "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence," *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013), and Antipov has offered no reason to withhold deference here because the USCIRF recommendation focused on restrictions against Muslims and Jehovah's Witnesses, without mention of Antipov's church.

Further, the BIA reasonably concluded that Antipov did not show that the possible fines would rise to the level of persecution. In order for economic harm to constitute persecution, the harm must be "so severe" that it would "constitute a threat to an individual's life or freedom," but

4

an applicant "need not demonstrate a total deprivation of livelihood or a total withdrawal of all economic opportunity in order to demonstrate harm amounting to persecution." *In re T-Z-*, 24 I. & N. Dec. 163, 170, 173 (BIA 2007) (internal quotation marks omitted); *see also Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (requiring applicant to present testimony or other evidence of his financial situation to show "that he suffered a deliberate imposition of substantial economic disadvantage" (internal quotation marks omitted)). "[W]hether a given economic sanction constitutes persecution turns on its 'impact' on the victim." *Huo Qiang Chen v. Holder*, 773 F.3d 396, 405 (2d Cir. 2014). Because Antipov provided no evidence of his economic circumstances, the BIA did not err in concluding that he failed to show that a fine would rise to the level of persecution. *See id.; Guan Shan Liao*, 293 F.3d at 70 ("applicant must offer some proof . . . of substantial economic disadvantage" (internal quotation marks omitted)). Antipov argues that his case should be remanded to the IJ for a hearing on his personal economic circumstances, but he was required to provide such information in his motion to reopen, *see* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings

5

shall state the new facts that will be proven at a hearing to be held if the motion is granted."); *Jian Hui Shao*, 546 F.3d at 157–58 ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision."); *id.* at 168 (explaining that movant carries a "heavy burden" on reopening (quoting *Abudu*, 485 U.S. at 110)).

Finally, Antipov argues that his affidavit submitted in support of his motion to reopen overcame the immigration judge's determination in the underlying proceeding that he lacked a subjective fear of future persecution.  In his affidavit, Antipov asserted that he was "in constant danger" when he lived in Russia, "but now the persecution [has] spread even wider and acquired a systemic character" because of the Yarovaya law.  Even if this statement called into question the initial finding that Antipov was not credible as to his subjective fear, the BIA never adopted that finding and it did not abuse its discretion in denying the motion to reopen because, as explained above, Antipov did not establish his prima facie eligibility for relief by showing that the fines he might face in Russia for violating the Yarovaya law would

6

rise to the level of persecution.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7